# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5675 | **DATE** | August 25, 2011 |
| **CASE TITLE** | U.S. ex rel. George Sturgeon (#R-18727) v. Randy Pfister, et al | | |

**DOCKET ENTRY TEXT:**

Petitioner has paid the statutory filing fee. However, Petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure to show good cause within twenty-one days of the date of this order will result in summary dismissal of this petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ **[For further details see text below.]**                                    Docketing to mail notices.

---

## STATEMENT

George Sturgeon, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003, Cook County, Illinois conviction for first degree murder on the grounds that his due process rights were violated, he had ineffective assistance of counsel, and prosecutorial misconduct. Petitioner has paid the statutory filing fee. However, Petitioner is ordered to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State

**(CONTINUED)**

|  | AWL |
|---|---|

post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

The Illinois Supreme Court denied Petitioner's request for direct review in December of 2005. *See* Petitioner's petition, p. 2. Petitioner then pleads that he did not seek collateral review of his conviction until October of 2007, almost two years after the appellate court affirmed his conviction and PLA was denied. *Id*. at p. 3. Whether or not the State entertained the petition for relief from judgment and decided the matter on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had extinguished any right to federal habeas review. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Consequently, Petitioner's petition appears to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *Id*. Accordingly, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.