## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5675 | **DATE** | 10/27/2011 |
| **CASE TITLE** | Sturgeon vs. Pfister et al | | |

**DOCKET ENTRY TEXT**

Petitioner's habeas petition is dismissed as time-barred under 28 U.S.C. §2244(d)(1)(A).

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

George Sturgeon, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree murder entered on January 22, 2003 in the Circuit Court of Cook County, Illinois, on the grounds of due process rights violation, ineffective assistance of counsel and prosecutorial misconduct. The Illinois Supreme Court denied Petitioner's request for direct review in December 2005. Petition, Doc. 1, p. 2.

On August 25, 2011, Petitioner was ordered to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely. Petitioner prepared a handwritten letter that was filed with the court on September 15, 2011, in response to the order to show cause. For the following reasons, the Court finds that the Petitioner's habeas petition is dismissed as time-barred under 28 U.S.C. §2244(d)(1)(A).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for seeking federal habeas corpus relief from a state court judgment. 28 U.S.C. §2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1082 (2007). This rule "serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179, 121 S.Ct. 2120 (2001).

In this case, Petitioner's "federal clock" for purposes of the one-year limitation on a petition for writ of habeas corpus began to run in December of 2005 when the Illinois Supreme Court denied Petitioner's request for direct review. *See Lawrence*, 127 S.Ct. at 1086 (the limitations period is not tolled during the pendency of a petition for certiorari to the United States Supreme Court seeking review of a denial of state post-conviction relief). Although "[t]he time during which a properly filed application for State post-conviction or other collateral review […] is pending shall not be counted toward any period of limitation," 28

**STATEMENT**

U.S.C.A. § 2244(d)(2), Petitioner did seek collateral review of his conviction in October of 2007. *See* Petitioner's petition, p.2. The state proceedings in October of 2007 did not restart the "federal clock" after the limitations period had run. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Thus, the federal habeas statute of limitations had already run prior to Petitioner's filing for collateral review in 2007.

As a result, when Petitioner filed his petition for writ of habeas corpus on August 19, 2011, he was statutorily time-barred. *See* 28 U.S.C.A. § 2244(d)(1)(A); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (all habeas corpus petitions filed after Apr. 23, 1997, are subject to one-year statute of limitations). In an order entered on August 25, 2011, Petitioner was ordered to show cause that the 1-year statute of limitations should be tolled.

The AEDPA statute of limitations does not set forth "an inflexible rule requiring dismissal" whenever its "clock has run." *Day v. McDonough*, 547 U.S. 198, 205 (2006). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *John A. Pace v. David DiGulielmo, et al.*, 544 U.S. 408, 418, 125 S.Ct. 1807, (2005). Further, equitable tolling requires "extraordinary circumstances far beyond the litigant's control…." *Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Equitable tolling may be granted when a petitioner "could not, despite the exercise of reasonable diligence, have discovered all of the information he needed in order to be able to file his claim on time." *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (quoting *Johnson*, 265 F.3d at 566). However, the Seventh Circuit has noted that "equitable tolling is rarely granted." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).

In response to the Court's order to show cause, Petitioner submitted a handwritten statement in which he asserted that, "I don't know about criminal law or any law." Doc. 5. However, the Seventh Circuit has held that limited education and a lack of legal knowledge "do not constitute the kind of extraordinary circumstances that justify equitable tolling." *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by *Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001). Thus, Petitioner's unfamiliarity with the law and limited education are "run-of-the-mill difficulties," which are inadequate to warrant equitable tolling. *See Janssen v. Pugh*, 394 Fed. Appx. 305, 306 (7th Cir. 2010).

Petitioner has also complained of the services he received from his lawyer. Petitioner asserts that he "happened to call his lawyer in 2006," and at that time his lawyer informed him that his "conviction was confirm[ed] in 2005."[1] Doc. 5. Petitioner's lack of communication with his attorney, whether the attorney is at fault or not, does not warrant a finding of equitable tolling. *See Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004) (holding that equitable tolling was not merited despite finding habeas counsel had "bungled the job" by not express mailing a petition so that it arrived on time); *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999) (where petitioner's attorney erred in calculating the deadline date by one month, court held that attorney's mistake did not merit a finding of equitable tolling). Moreover, "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client, and thus is not a circumstance beyond a petitioner's control that might excuse an untimely petition." *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (quoting *Modrowski*, 322 F.3d at 968) (internal quotations omitted). Petitioner had a duty to remain diligent in filing his petition, and because he failed to do so, he is not entitled to equitable tolling. *Cf. Holland v. Florida*, 130 S.Ct. 2549, 2565 (2010) (holding that equitable tolling was appropriate where petitioner in a capital case demonstrated that he repeatedly admonished his lawyer about the importance of filing, asked for documents, and even went so far as to identify applicable legal rules for his lawyer).

Petitioner also asserts that he was confronted with difficulty at the law library in the prison.

**STATEMENT**

Specifically, Petitioner asserts that he was "push[ed] off" by the law library staff, and as a result had to continue looking for someone to help him with his case. Doc. 5. However, Petitioner was still able to access the library. *See Id.*; *cf. Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (Court held equitable tolling was not justified despite fact petitioner had no access to the library while in segregation for sixty days). The circumstances pled by Petitioner appear frustrating; however, they are insufficient to excuse the lack of diligence in this case. *See Blackwell v. McCann*, No. 06-CV-06789, 2008 WL 4442631, *7 (N.D. Ill. Sept. 29, 2008) ("Such conditions are not 'extraordinary' in prisons, and if they justified equitable tolling, the habeas statute of limitations period would be tolled for many prisoners, and its purpose would be defeated.")

Petitioner has not sufficiently alleged that he has faced such "extraordinary circumstances" as to prevent his timely filing the petition for habeas corpus. "[E]quitable tolling of the statute of limitations is such exceptional relief that we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Daniel Proctor v. Steven Wright*, 06 C 2794, 2007 WL 433099 (N.D. Ill. Jan. 31, 2007) (quoting *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006)). Therefore, in this case, Petitioner's request for equitable tolling is denied. Petitioner's habeas petition is dismissed as time-barred under 28 U.S.C. §2244(d)(1)(A).

---

[0] It is not clear from the handwritten response at what point in 2006 this telephone conversation occurred. It is possible that the telephone conversation could have occurred within the 1-year limitations period following the Illinois Supreme Court's denial for direct review in December of 2005, which started the "federal clock." Even if the conversation had been within the 1-year period, it would not impact the outcome of this decision, as Petitioner still had a duty to be diligent and did not present good cause as to why he failed to be diligent.